**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THE PEOPLE OF THE STATE OF NEW YORK,

                                                    1:25-cr-431
                                                    (ECC)

v.

AMIR MAHMOUD HAMZA,

                                  Defendant.

---

Amir Mahmoud Hamza, *Defendant, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On October 24, 2025, Defendant Amir Mahmoud Hamza filed a notice of removal (Notice) in connection with his pending misdemeanor prosecution for menacing in the third degree, in violation of N.Y. Penal Law § 120.15, in Philmont Village Court in Columbia County.  Dkt. No. 1.  On October 30, 2025, the Court summarily remanded this matter to state court, pursuant to 28 U.S.C. § 1455(b)(4).  Dkt. No. 4 (Decision).  Presently before the Court is Defendant's Motion for Reconsideration and to Vacate Summary Remand. Dkt. No. 5.  The Court has also considered Defendant's Letter Request, Dkt. No. 6, Renewed Motion for Reconsideration and to Vacate Summary Remand, Dkt. No. 7, and Supplemental Statement/Argument, Dkt. No. 8.

Under 28 U.S.C. § 1447(d), with one exception, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of [Title 28] shall be reviewable by appeal or otherwise." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S.

1

635, 638 (2009) (quoting 28 U.S.C. § 1447(d)).  In addition, Section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005).  As a result, Section 1447(d) precludes reconsideration of the remand order unless the exception for removal under 28 U.S.C. § 1443 applies here.  *See Shapiro*, 412 F.3d at 311.  Given that the tickets Hamza tried to remove did not assert constitutional or federal claims, and any such claims were only in the notice of removal, reconsideration is precluded by Section 1447(d).  *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) ("Allegations made for the first time in a removal petition . . . cannot support the removal of a case on federal question grounds.").

Even if the remand order were reviewable, however, Hamza has not identified a change of law, new evidence, or error that would be a basis for reconsideration.  *See Wright v. Martin, Harding & Mazzotti, LLP*, No. 1:22-cv-515 (MAD/ML), 2024 WL 2399906, at *2 (N.D.N.Y. May 23, 2024) ("In this district, there are only three circumstances under which a court will grant a motion for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice.'") (quoting *Lewis v. Martinez*, No. 9:15-cv-55, 2019 WL 2105562, at *1 (N.D.N.Y. May 14, 2019)).  Hamza has not identified any change of law or new evidence.  To the extent that he offered information about the details of the ongoing state prosecution, none of it is relevant to the removal decision. Hamza does, however, argue that the Court erred because the 30 days do not begin to run under 18 U.S.C. § 1455(b)(1) until arraignment, and he was never arraigned.  Dkt. No. 5 at 4.

Hamza is correct that he was required to file a notice of removal "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1).  Contrary to his argument, however, the clock may have started when he received

2

the tickets.  *See New York v. Bey ex rel. McDaniel*, No. 24-cv-1779, 2024 WL 2133857, at *2 (S.D.N.Y. Apr. 15, 2024) (suggesting that removal was untimely under Section 1455(b)(1) where Defendant "was issued the tickets and charge of obstruction governmental administration on December 2, 2023, and he filed this notice of removal on March 6, 2024, more than 30 days after receiving the initial tickets and charge").

The Court need not address whether the notice of removal was timely because there was an independent basis for the remand order.  As the Decision explained, "even if the removal were timely filed, Hamza has not established that this case is within the Court's removal jurisdiction" because his notice did not establish that removal was appropriate under any of the applicable provisions.  Decision at 2.  It is well established that

> [r]emoval of a criminal action to federal court is restricted to the following extremely limited class of circumstances: (1) where a criminal action in State court is commenced against a federal officer or member of the armed forces for actions taken under the color of office, 28 U.S.C. § 1442(a); and (2) where a criminal action is commenced in State court and the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 291 (1975).

*Queens County Criminal Court, Inc. v. Alexandria*, No. 25-cv-8537, 2025 WL 3761877, at *2 (S.D.N.Y. Dec. 30, 2025).

As the Decision explained, Hamza did not include facts to support that removal is proper under any of these narrow circumstances, and, to the extent he articulates retaliation claims, "the Supreme Court has held that [Section 1443] applies only to removals based on claims of racial discrimination." *Suffolk Cnty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020). Hamza's retaliation claims are not based on racial discrimination, and it was therefore not error to conclude that he did not make the necessary showing.  *See People of New York v. Milchamot*, No. 26-cv-267, 2026 WL 100792, at *1 (S.D.N.Y. Jan. 14, 2026) (explaining that a defendant must

meet a two-part test requiring first, that it "appear that the right allegedly denied the removal petitioner arises under a federal law provi[di]ng for specific civil rights stated in terms of racial equality," and that it "appear . . . that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the state") (quotations and citations omitted).

Hamza asks for an opportunity to amend his Notice if his allegations of "federal constitutional violations and selective enforcement tied to protected speech/petitioning" are not sufficient to meet the requirements of 28 U.S.C. § 1443(1). Dkt. No. 5 at 4-5. But Hamza's retaliation allegations would not justify removal under Section 1443(1) because *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975), "makes clear '[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.'" *New York v. Amelio*, No. 25-cv-2238, 2025WL 2030658, at *2 (S.D.N.Y. July 21, 2025).

Accordingly, Defendant's Motion for Reconsideration and to Vacate Summary Remand is denied.

For these reasons, it is hereby

**ORDERED** that the Motion for Reconsideration and to Vacate Summary Remand is denied.

**IT IS SO ORDERED.**

Dated:  April 21, 2026

_____
Elizabeth C. Coombe
U.S. District Judge

4